UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES BURRIS, MELODY
CUGNON, and those others that are
similarly situated,

    Plaintiffs,

v.                                   Case No. 3:12cv521/MCR/CJK

JAMES W. GREEN, and
FISHERMAN'S CORNER, LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant Victor C. Franck's "Motion to Quash Service of Process and Motion to Set Aside Clerk's Default" (doc. 175). Plaintiffs have responded in opposition to Franck's motion (doc. 180). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and N.D. Fla. Loc. R. 72.3. Upon careful consideration of the record, the parties' submissions, and the relevant law, the undersigned concludes Franck's Motion to Quash Service of Process and Motion to Set Aside Clerk's Default should be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs initiated this case on October 31, 2012, by filing a three-count complaint against the restaurant Fisherman's Corner, LLC, and its owner and operator, James Green, alleging (1) failure to pay minimum wages under the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110; (2) retaliatory discharge; and

(3) failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* ("FLSA"). (Doc. 1). As to the FMWA claim, plaintiffs sought to certify a class of all "tipped employees" who were not paid the applicable minimum wage or tip credit at Fisherman's Corner. (*Id.*, p. 7-9).[1]

The court subsequently granted plaintiffs leave to amend their complaint. (Doc. 75). Plaintiffs' second amended complaint added claims related to the allegedly fraudulent transfer of assets from Fisherman's Corner, LLC, to Fisherman's Corner Restaurant, LLC. (Doc. 69). Catherine Bergstrom, Victor Franck, Fisherman's Corner Restaurant, LLC, and Perdido Key Investments, LLC, were added as defendants. (*Id.*). Franck was sued individually, as managing member of Perdido Key Investments, LLC, and as managing member of Fisherman's Corner Restaurant, LLC. (*Id.*, p. 4). Plaintiffs contend "that after the filing of this lawsuit, Defendant, James W. Green transferred ownership, property, assets and anything else of value from Fisherman's Corner, LLC, to Fisherman's Corner Restaurant, LLC, a Florida Limited Liability Company formed by Franck, and controlled and operated by Franck[.]" (Doc. 180, p. 3).

A summons was issued for Franck on December 20, 2013. (Doc. 78-3). Plaintiffs attempted to serve Franck at 7318 Augusta Pines Drive, Spring, Texas. (Doc. 99, p. 4-5) Franck listed this address with the Texas Bar Association and used it as the mailing and principal address of Fisherman's Corner Restaurant, LLC. (Doc. 99, p. 4). Plaintiff's process server was unable to contact anyone at that address on December 30, 2013. (*Id.*). On January 3, 2014, an adult male resident of the address

---

[1] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

Case No. 3:12cv521/MCR/CJK

informed the process server Franck was "out of town." (*Id.*, p. 5). On January 6 or 7, 2014, an adult female at the address indicated Franck was her landlord but he "lived somewhere in Scandinavia" and "travels often." (*Id.*; Doc. 90).

Plaintiffs then attempted service at 82 Driftoak Circle, The Woodlands, Texas. (Doc. 99, p. 5). This address was listed under the "Contact Information" section of Franck's business website. (*Id.*). On January 10, 2014, the process server was unable to contact anyone at the address; on January 11, an adult male named Gregory Peterson revealed he rented the home from Franck and mailed payments to 8000 Research Forest, #215, The Woodlands, Texas. (*Id.*). Plaintiffs identified this address as an outdoor shopping mall; suite 215 is the location of "The Shipping Store," a business with rentable mailboxes. (*Id.*).

On January 14, 2014, plaintiffs' counsel emailed Franck and requested that he provide an address at which service could be effected. (Doc. 180, p. 5). Franck asserts he responded to the email and informed plaintiffs' counsel he could be served at an address in Finland. (Doc. 175-2, p. 2). According to plaintiffs, Franck did not respond to the email. (Doc. 180, p. 5). Regardless, plaintiffs' counsel learned of the Finland address through an exchange of emails with counsel for the other defendants. (*Id.*; Doc. 175-1). Plaintiffs were unable to confirm Franck resided at the Finland address and, "[b]ased on information and belief," the provided address "did not evidence a residence or residential area." (Doc. 180, p. 5).

On February 5, 2014, plaintiffs filed a "Motion for Substituted Service of Process on Defendant Franck." (Doc. 99). Pursuant to Sections 48.161 and 48.181, Florida Statutes, plaintiffs claimed substituted service on Franck was appropriate because Franck was a nonresident engaging in business activity within Florida and

concealing his whereabouts to avoid service. (*Id.*). On April 17, 2014, the district court, construing plaintiffs' motion as one to extend the time for service of process under Federal Rule of Civil Procedure 4(m), granted plaintiffs thirty days to serve Franck. (Doc. 128). Defendants James Green and Fisherman's Corner, LLC, subsequently objected to the motion for substituted service of process. (Doc. 133).

A summons was reissued for Franck (doc. 137), and on May 16, 2014, the Florida Secretary of State accepted service of process on behalf of Franck.[2] (Doc. 140). In accordance with the district court's May 23, 2014 Order (doc. 139), plaintiffs filed a third amended complaint (doc. 141). The Secretary of State accepted service of the third amended complaint on Franck's behalf on July 28, 2014. (Doc. 170). After Franck failed to respond to the third amended complaint, plaintiffs moved for entry of default. (Doc. 173). Default was entered against Franck on August 26, 2014. (Doc. 174).

On September 5, 2014, Franck filed a Motion to Quash Service of Process and Motion to Set Aside Clerk's Default, contesting plaintiffs' attempt to serve him through the Florida Secretary of State. (Doc. 175). Defendant Franck asserts "[a]t the time the complaint was filed through July 2014, including when Plaintiffs attempted service of the complaint, Franck did not reside within a judicial district of the United States, and had not and has not appointed an agent for service of process in Florida." (Doc. 175, p. 5). Based on this assertion, Franck claims plaintiffs were

---

[2] The return of service form indicates the Secretary of State was provided with a copy of the third amended complaint. (Doc. 140, p. 3). Plaintiff's proposed third amended complaint, however, was stricken from the record. (Docs. 100, 128). On May 23, 2014, the district court directed plaintiffs to file a third amended complaint that corrected several deficiencies identified in the second amended complaint. (Doc. 139).

Case No. 3:12cv521/MCR/CJK

required to serve him pursuant to Federal Rule of Civil Procedure 4(f), which does not expressly permit service in accordance with state law. (*Id.*, p. 5-8). Assuming he was amenable to service under Rule 4(e) and state law, Franck contends plaintiffs have not satisfied the requirements of sections 48.161 and 48.181, Florida Statutes. (*Id.*, p. 8-11). Specifically, Franck argues (1) plaintiffs cannot resort to substituted service because they did not exercise due diligence in attempting to locate Franck; (2) Franck, individually, does not conduct business in Florida and has not appointed an agent for service of process in Florida; and (3) plaintiffs have not complied with the provisions of section 48.161. (*Id.*). Plaintiffs' response to Franck's motion asserts Franck "is amenable to substituted service of process as he is a non-resident and/or has concealed his whereabouts, is operating, conducting, and or engaging in a business and or business venture in the State of Florida, in his ownership and/or operation of Fisherman's Corner, Restaurant, LLC, and/or Perdido Key Investments, LLC." (Doc. 180, p. 5).

## DISCUSSION

Plaintiffs and defendant Franck dispute whether Franck was amenable to substituted service of process under sections 48.161 and 48.181, Florida Statutes. Resolution of this dispute is not necessary for the court to decide Franck's Motion to Quash Service of Process and Motion to Set Aside Clerk's Default. Assuming Franck could be served under these statutes, plaintiffs failed to comply with the provisions of section 48.161, rendering service defective. Franck's Motion to Quash and Vacate Default Judgment, therefore, should be granted.

"Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, due process values require *strict*

*compliance* with the statutory requirements." *Monaco v. Nealon*, 810 So. 2d 1084, 1085 (Fla. 4th DCA 2002) (emphasis in original). As the Middle District of Florida summarized:

> To effectuate proper service of process pursuant to Florida Statutes Section 48.161, a plaintiff must: (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute (*e.g.*, that the defendant is a nonresident subject to the court's jurisdiction who cannot be located despite due diligence or that the defendant is actively concealing his or her whereabouts); (2) serve the Secretary of State by providing him or her (or their delegate) with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide Notice of service upon the Secretary of State to the defendant by sending him or her a copy of the summons and the complaint by registered or certified mail; (5) file the registered or certified mail return receipt; and (6) file an affidavit of compliance on or before the return date of the process. Fla. Stat. § 48.161(1); *see also Hernandez v. State Farm Mutual Automobile Insurance Co.*, 32 So. 3d 695, 699 (Fla. 4th DCA 2010).

*EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119 *1 (M.D. Fla. Jan. 6, 2011) (emphases omitted). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (*citing Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan.1981)).[3]

Here, plaintiffs failed to comply with section 48.161 because a copy of the summons and complaint were never sent to Franck by registered or certified mail.

---

[3] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Fla. Stat. § 48.161 ("Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant[.]"). Plaintiffs' response to Franck's motion does not indicate plaintiffs mailed the required documents to Franck following service on the Secretary of State. An affidavit from Franck states "I have not received a copy of the Complaint by registered or certified mail." (Doc. 175-2, p. 2). In addition, plaintiffs did not file an affidavit of compliance or file the registered or certified mail return receipt.[4] The fact Franck had actual notice of this litigation does not excuse plaintiffs from compliance with section 48.161. *Woodworth v. Smith*, 773 So. 2d 1170 (Fla. 2d DCA 2000) (reversing trial court's denial of motion to quash service despite finding defendant had actual notice based on regular mail); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."). Because plaintiffs did not comply with the provisions of section 48.161, Franck's Motion to Quash Service of Process should be granted. *See Wise v. Warner*, 932 So. 2d 591, 593-94 (Fla. 5th DCA 2006) (reversing trial court's denial of motion to quash service when "record reflects no attempt by [plaintiff] to serve [defendant] by registered or certified mail, and contains no affidavit of compliance reflecting any attempt to serve [defendant] by mail").

---

[4] A plaintiff's failure to file the affidavit of compliance or the registered or certified mail return receipt has been excused in instances where the defendant is deliberately refusing to accept delivery of the mail. *Oteman, S.A. v. Napoles*, 757 So. 2d 1261 (Fla. 3d DCA 2000) (failure to file affidavit of compliance excused when record showed that "defendant deliberately refused to accept delivery of the transmittal"); *Woodworth v. Smith*, 773 So. 2d 1170 (Fla. 2d DCA 2000) ("The failure to comply with the statutory requirements has been excused when the record shows that the party to be served is deliberately refusing to accept delivery."). In this case, however, plaintiffs did not even attempt to mail the requisite documents to Franck.

Case No. 3:12cv521/MCR/CJK

As service on defendant Franck was not properly effected, the clerk's entry of default should be set aside. Although the undersigned does not yet find that Franck has willfully evaded service of process, the record reflects plaintiffs have experienced more than considerable difficulty serving Franck.[5] Plaintiffs, therefore, should be granted sixty (60) additional days to properly serve Franck.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Franck's "Motion to Quash Service of Process and Motion to Set Aside Clerk's Default" (doc. 175) be GRANTED and the clerk be directed to set aside the entry of default.

2. That plaintiffs be given sixty (60) days to perfect service on defendant Franck and file proof of service with the court.

At Pensacola, Florida this 28th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Franck's affidavit, completed on September 3, 2014, stated his "current main residence" was 7318 August Pines Drive, Spring, Texas. Plaintiffs attempted to serve Franck at this address again on September 29, 2014. (Doc. 181, p. 2). Plaintiffs' process server was informed by an individual at the address that Franck was in Hong Kong and his return date was unknown. (*Id.*).

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).